IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALFREDO CALDERON-TINOCO<br><br>    Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No.  2:07CR122 DAK |

This matter is before the court on Alfredo Calderon-Tinoco's "Motion for Correction of Sentence for Clerical Error Under Rule 36."  On April 25, 2007, this court sentenced Defendant to the custody of the Bureau of Prisons for 46 months, followed by 24 months of supervised release.  On May 11, 2007, this court entered an Amended Judgment, revising the period of supervised release to 36 months.

Defendant claims that there has been a mistake in the calculation of jail time because he claims that he was arrested on November 29, 2006 but that the Sentencing Monitoring Computation states that he was arrested on February 21, 2007.   Contrary to Defendant's claim, however, the record demonstrates that he was not indicted until February 21, 2007.  The arrest warrant was issued on February 22, 2007, and the warrant was executed on February 27, 2007.  There is no indication in the federal court record that Defendant was arrested on November 29, 2006.  If Defendant was arrested in 2006 on charges brought by the state of Utah, that jail time would not count toward his federal sentence.

Pursuant to federal law, 18 U.S.C. Section 3582, the district court loses jurisdiction of a

case at sentencing. After a defendant is sentenced, it falls to the Bureau of Prisons, not the district judge, to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a) and whether the defendant should receive credit for time spent in custody. *See id.* § 3585(b); *United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (BOP determines credit issues, not the district courts). Therefore, following sentencing, jurisdiction is turned over to the Bureau of Prisons and the defendant is then subject to the rules and standards that govern that agency.

Defendant should automatically receive credit toward his sentence for time served in any jail facility as a result of the federal offense for which he was sentenced. He does not, however, receive credit for time served that is credited to another sentence, nor does he receive credit for any term spent at a community corrections center unless he is in that facility in the custody of the Bureau of Prisons. Any questions regarding the credit a defendant has received from the Bureau of Prisons, must be raised with the Bureau of Prisons. Because this court lost jurisdiction at sentencing, it cannot issue any type of order to the Bureau of Prisons with respect to credit for time served.

Accordingly, IT IS HEREBY ORDERED that Defendant's "Motion for Correction of Sentence for Clerical Error Under Rule 36" is DENIED.

DATED this 14th day of December, 2007.

BY THE COURT:

DALE A. KIMBALL
United States District Judge